```
         IN THE UNITED STATES DISTRICT COURT
               DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| INTELGENX CORP., <br><br> Plaintiff, <br><br> v. <br><br> WOCKHARDT BIO, AG, et al., <br><br> Defendants. | Civil No. 13-5074 (JBS/JS) |

### SCHEDULING ORDER (ANDA CASE)

This Scheduling Order confirms the directives given to counsel at the scheduling conference pursuant to Rule 16, Federal Rules of Civil Procedure on December 16, 2013; and the Court intending to apply the scheduling deadlines set forth in the New Jersey Local Patent Rules; and the Court noting the following appearances: Thomas R. Curtin, Esquire, and Paul A. Ainsworth, Esquire, appearing on behalf of the plaintiff; and Sheila R. Wiggins, Esquire, and Laura A. Vogel, Esquire, appearing on behalf of the defendant,

IT IS this **19th** day of **December, 2013**, hereby **ORDERED**:

1. The parties shall serve FED. R. CIV. P. 26(a) disclosures on or before **December 31, 2013**.

2. Initial written discovery requests shall be served by **December 31, 2013**. Any responses, answers and objections to initial written discovery requests shall be served in accordance with Court Rules.

3. **Disclosure of Asserted Claims (L. Pat. R. 3.6(b))** - By **December 23, 2013,** plaintiff shall serve its "Disclosure of Asserted Claims" that lists each claim of each patent that is allegedly infringed by each opposing party, including for each claim the applicable statutory subsections of 35 U.S.C. § 271 asserted.

4. **Discovery Confidentiality Order** - By **January 31, 2014**, the parties shall serve the Court with an agreed upon Discovery Confidentiality Order that complies with L. Civ. R. 5.3 or a copy of the latest version of the Order with a list of the issues in dispute. All forms of Order must be accompanied by an affidavit or attorney certification that complies with Rule 5.3(b)(2).

5. **Invalidity Contentions (L. Pat R. 3.6(c-d))** - By **December 30, 2013,** each party opposing an assertion of patent infringement shall provide to each party asserting patent infringement the written basis for its "Invalidity Contentions," for any patents referred to in the opposing party's Paragraph IV Certification, which shall contain all disclosures required by L. Pat. R. 3.3.

6. **Non-Infringement Contentions (L. Pat R. 3.6(e-f))** – By no later than **December 30, 2013,** each party opposing an assertion of patent infringement shall serve on each party asserting patent infringement the written basis for its "Non-Infringement Contentions," for any patents referred to in the opposing party's Paragraph IV Certification which shall include a claim chart identifying each claim at issue in the case and each limitation of each claim at issue. The claim chart shall specifically identify for each claim which claim limitation(s) is/(are) literally absent from each opposing party's allegedly infringing Abbreviated New Drug Application or New Drug Application.

**(a)** Any "Non-Infringement Contentions" disclosed under L. Pat R. 3.6(e), shall be accompanied by the production of any document or thing that each party who is an ANDA filer intends to rely on in defense against any infringement contentions by each party asserting patent infringement.

7. **Disclosure of Infringement Contentions (L. Pat. R. 3.6(g-h))** – By **February 13, 2014,** each party asserting patent infringement shall provide each opposing party with a "Disclosure of Infringement Contentions," for all patents referred to in each opposing party's Paragraph IV Certification, which shall contain all disclosures required by L. Pat R. 3.1. The infringement contentions shall be limited to the claims identified in L. Pat. R. 3.6(b).

**(a)** Any "Disclosures of Asserted Claims and Infringement Contentions" disclosed under L. Pat R. 3.6(g), shall be accompanied by the production of documents required under L. Pat. R. 3.2.

8. **Responses to Invalidity Contentions (L. Pat R. 3.6(i))** – By **February 13, 2014,** the party defending the validity of the patent shall serve on each other party its "Responses to Invalidity Contentions" as required under L. Pat. 3.4A.

9. Pursuant to L. Pat. R. 3.6(j), each party that has an ANDA application pending with the Food and Drug Administration ("FDA") that is the basis of the pending case shall: (1) notify the FDA of any and all motions for injunctive relief no later than three business days after the date on which such a motion is filed; and (2) provide a copy of all correspondence between itself and the FDA pertaining to the ANDA application to each party asserting infringement, or set forth the basis of any claim of privilege for such correspondence pursuant to L. Civ. R. 34.1, no later than seven days after the date it sends same to the FDA or receives same from the FDA.

10. **List of Claim Terms to be Construed (L. Pat. R. 4.1)**

**(a)** By **February 27, 2013,** each party shall serve on each other party a list of claim terms which that party contends should be construed by the Court, and identify any claim term which that party contends should be governed by 35 U.S.C. § 112(6).

**(b)** The parties shall thereafter meet and confer for the purposes of limiting the terms in dispute by narrowing or resolving differences and facilitating the ultimate preparation of a Joint Claim Construction and Prehearing Statement.

11. **Amendments to Pleadings** - The time within which to seek amendments to the pleadings or to add new parties (except as to inequitable conduct) will expire **February 28, 2014**. The deadline for amended pleadings as to inequitable conduct is **April 1, 2014**.

12. **Other Amendments (L. Pat R. 3.7)** - Amendment of any contentions, disclosures, or other documents required to be filed or exchanged pursuant to the Local Patent Rules may be made only by order of the Court upon a timely application and showing of good cause. The application shall disclose whether parties consent or object. Non-exhaustive examples of circumstances that may, absent undue prejudice to the adverse party, support a finding of good cause include: (a) a claim construction by the Court different from that proposed by the party seeking amendment; (b) recent discovery of material prior art despite earlier diligent search; (c) recent discovery of nonpublic information about the Accused Instrumentality which was not discovered, despite diligent efforts, before the service of the Infringement Contention; (d) disclosure of an infringement contention by a Hatch- Waxman Act party asserting infringement under L. Pat. R. 3.6(g) that requires response by the adverse party because it was not previously presented or reasonably anticipated; and (e) consent by the parties in interest to the amendment and a showing that it will not lead to an enlargement of time or impact other scheduled deadlines. The duty to supplement discovery responses under Fed. R. Civ. P. 26(e) does not excuse the need to obtain leave of Court to amend contentions, disclosures, or other documents required to be filed or exchanged pursuant to these Local Patent Rules.

13. **Preliminary Claim Construction (L. Pat. R. 4.2)**

**(a)** By **March 20, 2014**, the parties shall simultaneously exchange preliminary proposed constructions of each term identified by any party for claim construction. Each such "Preliminary Claim Construction" shall also, for each term which any party contends is governed by 35 U.S.C. §112(6), identify the structure(s), act(s), or material(s) corresponding to that term's function.

**(b)** At the same time the parties exchange their respective "Preliminary Claim Constructions," each party shall also identify all intrinsic evidence, all references from the specification or prosecution history that support its preliminary proposed construction and designate any supporting extrinsic evidence including, without limitation, dictionary definitions, citations to learned treatises and prior art and testimony of all witnesses including expert witnesses. Extrinsic evidence shall be identified by production number or by producing a copy if not previously produced. With respect to all witnesses including experts, the identifying party shall also provide a description of the substance of that witness' proposed testimony that includes a listing of any opinions to be rendered in connection with claim construction.

**(c)** Not later than **April 3, 2014**, the parties shall exchange an identification of all intrinsic evidence and extrinsic evidence that each party intends to rely upon to oppose any other party's proposed construction, including without limitation, the evidence referenced in L. Pat. R. 4.2(b).

**(d)** The parties shall thereafter meet and confer for the purposes of narrowing the issues and finalizing preparation of a Joint Claim Construction and Prehearing Statement.

14. **Joint Claim Construction and Prehearing Statement (L. Pat. R. 4.3)** - By **April 19, 2014**, the parties shall complete and serve their Joint Claim Construction and Prehearing Statement which shall include:

**(a)** The construction of those terms on which the parties agree;

**(b)** Each party's proposed construction of each disputed term, together with an identification of all references from the intrinsic evidence that support that construction, and an identification of any extrinsic evidence known to the party on which it intends to rely either to support its proposed construction or to oppose any other party's proposed construction, including, but not limited to, as permitted by law, dictionary definitions, citations to learned treatises and prior art, and testimony of all witnesses including experts;

**(c)** An identification of the terms whose construction will be most significant to the resolution of the case.  The parties shall also identify any term whose construction will be case or claim dispositive or substantially conducive to promoting settlement, and the reasons therefor;

**(d)** The anticipated length of time necessary for the Claim Construction Hearing; and

**(e)** Whether any party proposes to call one or more witnesses at the Claim Construction Hearing, the identity of each such witness, and for each witness, a summary of his or her testimony including, for any expert, each opinion to be offered related to claim construction.

**(f)** Any evidence that is not identified under L. Pat. R. 4.2(a) through 4.2(c) inclusive shall not be included in the Joint Claim Construction and Prehearing Statement.

**(g)** This rule does not apply to design patents.

15. **Discovery Relating to Claim Construction (L. Pat R. 4.4)** - By **May 19, 2014**, the parties shall complete all discovery relating to claim construction, including any depositions with respect to claim construction of any witnesses, other than experts, identified in the Preliminary Claim Construction Statement (L. Pat. R. 4.2) or Joint Claim Construction and Prehearing Statement. (L. Pat. R. 4.3).  This rule does not apply to design patents.

16. **Markman Submissions (L. Pat. R. 4.5)**

(a)  By **July 1, 2014,** the parties shall contemporaneously file and serve their opening Markman briefs and any evidence supporting claim construction, including experts' certifications or declarations.  Responsive Markman expert declarations shall be served by **July 15, 2014.**

(b)  **Markman Expert Discovery** - Unless otherwise Ordered by the Court, by **August 8, 2014,** the parties shall complete all discovery from expert witnesses who submitted a Markman certification or declaration under L. Pat. R. 4.5(a).

(c)  **Responsive Markman Briefs** - By **September 1, 2014,** the parties shall contemporaneously file and serve responsive Markman briefs and any evidence supporting claim construction, including any responding experts' certifications or declarations.

17.  **Claim Construction Hearing Schedule (L. Pat R. 4.6)** - By **September 15, 2014**, counsel shall confer and propose to the Court a schedule for a Claim Construction Hearing, to the extent the parties or the Court believe a hearing is necessary for construction of claims at issue.

18.  **Advice of Counsel (L. Pat R. 3.8)** - Unless otherwise Ordered by the Court, not later that 30 days after entry of the Court's claim construction Order, or upon such other date as set by the Court, each party relying upon advice of counsel as part of a patent-related claim or defense for any reason shall:

(a)  Produce or make available for inspection and copying any written advice and documents related thereto for which the attorney-client and work product protection have been waived.

(b)  Provide a written summary of any oral advice and produce or make available for inspection and copying that summary and documents related thereto for which the attorney-client and work product protection have been waived; and

(c)  Serve a privilege log identifying any documents other than those identified in subpart (a) above, except those authored by counsel acting solely as trial counsel, relating to the subject matter of the advice which the party is withholding on the grounds of attorney-client privilege or work product protection.

A party who does not comply with the requirements of this L. Pat. R. 3.8 shall not be permitted to rely on advice of counsel for any purpose absent a stipulation of all parties or by Order of the Court.

19.  **Conference** - After the Markman decision is rendered, the Court will schedule a conference to discuss all remaining scheduling issues.  These issues include, but are not limited to, the identification of all remaining proposed fact and expert discovery, a schedule to complete the discovery, and a schedule for any remaining dispositive motions.

20. **Discovery Disputes** - At least ten (10) days prior to the next scheduled conference, the parties shall send the Court a letter identifying all discovery disputes.  No issue will be addressed unless the letter is accompanied by an Affidavit that complies with L. Civ. R. 37.1(b)(1).  Responses shall be served three (3) days before the next conference.  All outstanding discovery issues not raised shall be deemed waived.

21. The Court will conduct an in-person status conference on **March 6, 2014 at 11:00 a.m.**.

**THE FAILURE OF A PARTY OR ATTORNEY TO OBEY THIS ORDER MAY RESULT IN IMPOSITION OF SANCTIONS UNDER F**ED**. R. C**IV**. P. 16(f).**

**TO THE EXTENT NOT ALREADY SET FORTH HEREIN, ALL REQUIREMENTS IN THE NEW JERSEY LOCAL PATENT RULES ARE INCORPORATED HEREIN BY REFERENCE.**

s/ Joel Schneider
JOEL SCHNEIDER
United States Magistrate Judge

(Rev. 12/13)